UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN A. GUANDIQUE SANCHEZ,

      Petitioner,

v.

                                               Case No.: 2:26-cv-00124-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al.*,

      Respondents,
_____/

## **OPINION AND ORDER**

      Before the Court are Juan A. Guandique Sanchez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8). For the below reasons, the Court grants the petition.

      Guandique Sanchez is a native and citizen of El Salvador who entered the United States in October 2011. He lives in Fort Pierce, Florida with his partner and two U.S. citizen daughters. Guandique Sanchez has not been accused or convicted of any crime that would render him ineligible for release on bond. But on January 11, 2026, he was arrested for a misdemeanor fishing violation. He was later transferred to the detention facility known as Alligator Alcatraz, where he remains detained without an opportunity to seek release on bond. He has not received a notice to appear or any other document explaining his detention, and he has no scheduled immigration hearings.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Guandique Sanchez. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Guandique Sanchez asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents filed an abbreviated response objecting to habeas relief but acknowledging this case is not materially distinct from *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025). In that case, the Court explained it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9) and exhaustion is excused because it would be futile. And like the petitioner in that case, Guandique Sanchez's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Guandique Sanchez has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Guandique Sanchez before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for

Immigration Review is the agency that schedules bond hearings. To be clear, subjecting Guandique Sanchez to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Guandique Sanchez receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Juan A. Guandique Sanchez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1)   Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Guandique Sanchez for an individualized bond hearing before an immigration judge or (2) release Guandique Sanchez under reasonable conditions of supervision. If the respondents release Guandique Sanchez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 6, 2026.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1